Dear Representative Farrar:
You have asked this office to advise whether a legislator may simultaneously hold a position as a part-time appointed assistant district attorney. Because the separation of powers provision of LSA-Const. Art. II § 2 (1974) is applicable, we respond in the negative to your question.
LSA-Const. Art. II §§ 1 and 2 (1974) state:
 Section 1. The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.
 Section 2. Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.
A legislator serves as part of the legislative branch of state government. LSA-Const. Art. III § 1 (1974) states in part that "the legislative power of the state is vested in a legislature, consisting of a Senate and a House of Representatives."
An assistant district attorney serves as part of the judicial branch of state government. LSA-Const. Art. V § 26 (1974). An assistant district attorney exercises the authority of the judicial branch, as Art. V § 26(B) states:
 Powers. Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.
The legislative power is the power to make laws. State ex rel.Guste vs. Legislative Budget Committee, 347 So.2d 160 (La. 1977), at page 164. The district attorneys and their designated assistants are constitutionally vested with the power to institute and prosecute criminal actions. See Guidry vs. Roberts,331 So.2d 44 (La.App. 1st Cir. 1976), at page 52.
It is a constitutional violation for one individual to exercise the power of the legislative branch as legislator and judicial authority as assistant district attorney. We have previously issued two opinions from this office which adhere to the same conclusion. See Attorney General Opinions 02-484 and 92-697, copies attached.
Constitutional provisions are superior to state statutes. Thus, despite the provisions of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., the position of state legislator and the position of assistant district attorney may not be held concurrently, even if a literal reading of the dual-officeholding statutes would not prohibit the simultaneous holding of these positions.
Indeed, it is significant that the office of the district attorney, for purposes of the application of the dual officeholding statutes, is considered a separate political subdivision of the state, and is not included within the judicial branch of state government as defined by R.S. 42:62(8), providing:
 The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal district courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this Paragraph.
Rather, the office of the district attorney is considered a "political subdivision" for purposes of the dual officeholding laws as per R.S. 42:62(9), providing:
 "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
The dual officeholding provisions do not prohibit one from holding state elective office and a part-time appointive office in a political subdivision of the state, where the constitutionalseparation of powers doctrine proves inapplicable. For instance, in Attorney General Opinion 93-276, this office determined that a legislator may hold a part-time position with parish government as an indigent defender. Constitutional concerns under the separation of powers doctrine were not implicated in opinion 93-276.
This office determined in Attorney General Opinion 99-335 that a state legislator can also serve in a part-time appointed office with parish government. While R.S. 42:63(C) prohibits a state legislator from holding a full-time appointive office, no such restriction exists with respect to a part-time appointive office. Again, in Opinion 99-335, no constitutional concerns under the separation of powers doctrine were implicated.
Further, in Attorney General Opinion 04-70, this office determined that a legislator may also serve as a mayor's court magistrate for a municipality. The mayor's court, for purposes of dual officeholding, is a separate political subdivision of the state and not within the judicial branch as defined by R.S. 42:62(8). As we stated to the legislator requesting the opinion, "this determination is limited to an examination of the dual-officeholding law. Mayor's courts are part of the judiciary and its magistrates are subject to the Code of Judicial Conduct." While we did not invoke application of LSA-Const. Art. II § 2 (1974), we did refer the requestor to the Judiciary Commission, as that entity is the final authority with respect to the conduct of judicial officers.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams